EDWIN T. PETERS, APPELLANT, V. EDWARD T. HUFF, APPELLEE.

FILED DECEMBER 4, 1901.   No. 9,186.

1. **Abstract of Title:** QUÆRE.  Whether in matters pertaining to the title of real estate a person may rely on an abstract of title duly made and certified, and without making an examination of the public records in order to free himself from the charge of culpable neglect, when relief is asked in a court of equity on the ground of mistake, *quære.*

2. **Abstract of Title:** When the record discloses that a person seeking relief in a court of equity, on the ground of mistake as to the condition of title to real estate with respect to which he had acted, relied on an abstract of title of which there is no evidence showing it to have been prepared by a competent and qualified abstracter, or to include or purporting to include information regarding the condition of the title as affected by pending suits regarding which the mistake occurred, and on account of which the relief was prayed, it can not be said the party asking the relief was free from culpable neglect, and a decree denying him such relief will not be disturbed on appeal.

3. **Reaffirmed.**  Judgment of affirmance on former hearing, 60 Nebr., 625, adhered to.

APPEAL from the district court for Lancaster county. Heard below before HOLMES, J.  Rehearing of case reported in 60 Nebr., 625.  *Judgment of affirmance adhered to.*

*Amasa Cobb* and *Andrew E. Harvey,* for appellant.

*Wolfenbarger & Williams, Addison S. Tibbets, James E. Philpott* and *Lambertson & Hall, contra.*

HOLCOMB, J.

On a former submission of this cause a decision was rendered affirming the judgment of the trial court. *Hayden v. Huff,* 60 Nebr., 625. Appellant Hayden applied for and was successful in obtaining a rehearing. Since the order granting the rehearing the action has been revived in the name of Edwin T. Peters, as administrator of the estate of Hayden, now deceased. The rehearing was granted solely for the purpose of further investigating the question of whether in matters pertaining to the transfer of real estate a party may rely on an abstract of title to such real estate, without examination of the public records affecting the title thereto, and be free from the charge of culpable negligence and entitled to equitable relief, on the ground of mistake, by way of subrogation to the rights of a mortgagee whose mortgage had been satisfied in ignorance of other incumbrances attaching to the land, inferior to such mortgage, but which became effective and collectible by the satisfaction of such mortgage lien. A full statement of the case is contained in the decision first rendered, and need not here be repeated. From the statement of the case therein made and the opinion following, the logical deduction is that in no instance can reliance be had on an abstract of title properly made and certified to by a competent and qualified abstracter, but resort must be had in all cases to the official records showing the condition of the title, and of which constructive notice is always imputed, in order to free one dealing with respect to such title from negligence which will preclude any relief by a court of equity on the ground of mistake. From this position we wish to recede and thus leave the question an open one, to be decided in a proper case, when the question is fairly

presented by the record. In the case at bar, as disclosed by the record, at the time the appellant purchased the property on which existed the mortgage, which he afterwards paid, and as to which he asks for equitable relief against subsequent liens existing thereon, by being subrogated to, the rights of the mortgagee, and to be allowed to foreclose his mortgage lien, the only information possessed by the purchaser as to the state of the title was furnished by the grantor, who produced an abstract of title to the property described in the deed of conveyance at the time of the purchase. The abstract itself is not introduced in evidence; nor is there anything showing the subjects covered by its terms, and the certificate of the abstracter. Whether the abstracter was competent and qualified to prepare abstracts of titles, and certify thereto, we have no evidence whatever, aside from an answer by appellant to a question propounded by the court giving the name of the abstracter who prepared an abstract furnished him, and saying he was a bonded abstracter. We are entirely in the dark as to what the abstract contained, or whether it was such, and contained all necessary information which would justify a reasonably prudent person in placing reliance on the instrument as containing all necessary information as to the state of the title, as the same might be affected by pending suits. In this case there were judgment liens on the land covered by the satisfied mortgage, by virtue of actions pending and begun prior to the first day of the term of the district court at which they were rendered, which, because of the pendency of the suits, related back and became liens as of the first day of the term. The land, it appears, had been conveyed during the same term and before the judgments were rendered. It is not shown that the abstracter purported to give any information or certify in the abstract furnished to any fact regarding suits pending at the time it was prepared; and it is probably true that the abstract and certificate did not purport to cover and include the condition of the title as affected by pending litigation either by or against the then owner of the fee.

Suppose the question was one as to knowledge, actual or constructive, of taxes which were a lien, and an abstract made no mention of taxes, could a party who relied on such abstract, and made no examination of the record, be held free from negligence? Or, in case a party personally examined the records affecting the title to real estate in which he was interested, but made no examination for suits pending when a term of court was in session, can it be said that he is diligent in protecting his rights, and entitled to favorable consideration by a court of equity whose relief must depend on his alertness in the management of his affairs, and freedom from negligence? The appellant was charged with constructive notice of what was contained in the public records affecting the title to the property by him purchased; and while that, of itself, will not prevent him from obtaining equitable relief of the nature applied for in this action, yet, to excuse him from the charge of culpable neglect, justifying a court of equity in the exercise of its equitable powers, to relieve him from his mistake, it should appear that he acted upon such information as a reasonably prudent man would ordinarily rely on; and where, as in the present case, there is nothing disclosed by the record showing that he made an examination of the public records, or relied on an abstract of title made by a qualified abstracter, purporting to show the pending litigation, or that none was pending which might affect his title, it can hardly be said that he has brought himself within the rule warranting a court of equity in granting him relief, or that the condition of affairs in which he found himself was not brought on by his own lack of effort, amounting to culpable negligence. For these reasons, and because of what is said in the first opinion, the judgment therein rendered will be adhered to and the decree of the lower court

AFFIRMED.